IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Shaneeka Monet Stroman, | C/A. No. 3:16-1522-CMC-SVH |
| Plaintiff | |
| v. | Opinion and Order |
| Willie H. Womble, | |
| Defendant. | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983. ECF No. 1.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On April 12, 2016, the Magistrate Judge issued a Report recommending that this matter be dismissed based on judicial immunity. ECF No. 10. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if she failed to do so. Plaintiff filed no objections within the time for doing so, and her copy of the Report was not returned to the court.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Matthews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28

U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

On June 8, 2016, this court entered an Order adopting the Report and dismissing Plaintiff's case. ECF No. 13. Plaintiff then filed a motion to reopen her case, explaining that she never received the Report and therefore could not make objections. ECF No. 16. Plaintiff verified that the address on file with the court is correct.[1] Based on these representations, the court granted Plaintiff's motion to reopen, vacated its opinion and judgment and re-mailed a copy of the Order and the Report to Plaintiff so that she could file objections. ECF Nos. 17-18. The Order and Report were returned to the court as undeliverable. ECF No. 19. However, on July 12, 2016, Plaintiff filed a second motion to reopen her case. ECF No. 21. Although stating that she did not receive the Report, she also filed Objections to the Report. ECF No. 22. Plaintiff objected to "Willie H Womble's immunity due to constitutional reasons." *Id.* She also stated that she is not suing the state, but Willie Womble individually. *Id.*

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the conclusion of the Report that this matter should be dismissed without prejudice based on judicial immunity. The court has

---

[1] Based on an internet search of the address given by Plaintiff, it appears that the city given by Plaintiff may be incorrect. While Plaintiff lists her city as Lexington, the address that comes up in Google is located in Swansea. This may be the reason that the mail sent by the court is not being delivered to Plaintiff. Because of this confusion, the clerk is directed to send a copy of this Order to Plaintiff's address in Lexington and in Swansea.

2

considered Plaintiff's objections; however, they are unavailing for the reasons set forth below and in the Report.

Judicial immunity extends to all claims for damages arising out of a judge's judicial actions. *Mireless v. Waco*, 509 U.S. 9, 12 (1991); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). In order for immunity to apply, the function performed by the judge must be one normally performed by a judge, and the party must deal with the judge in his or her judicial capacity. *See King v. Myers*, 973 F.2d 354, 357 (4th Cir. 1992). Judicial immunity applies whether the judge is sued as an individual or a state actor, as long as he was acting in his judicial capacity when the alleged actions occurred. It is undisputed that Judge Womble was performing a judicial function, and that Plaintiff was dealing with the Judge in his judicial capacity, when the allegedly discriminatory actions took place. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order. This matter is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie<br>CAMERON MCGOWAN CURRIE<br>Senior United States District Judge

Columbia, South Carolina
July 19, 2016